# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ervin Wilson, Jr., <br> a/k/a John Wilson, <br> a/k/a John E. Wilson, <br> <br> Plaintiff, <br> vs. <br> <br> South Carolina Department of Corrections, *SCDC*, <br> <br> Defendant. | ) C/A No. 9:14-4365-RMG-BM <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The Plaintiff, John Ervin Wilson, Jr., is an inmate with the South Carolina Department of Corrections (SCDC). Proceeding pro se and in forma pauperis, Plaintiff seeks monetary damages pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq., for alleged negligence and gross negligence by Defendant SCDC. Complaint, ECF No. 1 at 1, 8.

The pleadings filed by Plaintiff indicate they were previously filed with the Clerk of Court for Darlington County, South Carolina with a case number "14CP160597." It was unclear whether Plaintiff intended to file the same action filed in state court in this Court, or if he filed these pleadings in error. Therefore, by Order of the Court dated December 10, 2014 (ECF No. 9), Plaintiff was informed that if he did not wish to file this action in this Court, he could file a motion to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a). He was further warned that this case might be subject to summary dismissal for lack of subject matter jurisdiction. Plaintiff did not respond to the Court's order.



Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley,

Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3)["If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."].

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d at 399 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). Additionally, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure, Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id. Such is the case here.

First, there is no basis for a finding of diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Exxon Mobil Corp. v. Allapattah



3

Servs., Inc., 545 U.S. 546, 553-554 (2005); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16. Here, this Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen and resident of South Carolina and Defendant is also a citizen and resident of South Carolina.[1]

Second, it is also clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. Plaintiff asserts that Defendant was negligent and grossly negligent in violation of the South Carolina Tort Claims Act. To the extent that Plaintiff is attempting to allege federal claims for negligence, summary judgment should be granted to Defendant as negligence is not actionable under 42 U.S.C. § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels v. Williams). Additionally, to the extent Plaintiff is claiming that Defendant violated some state law or prison policy, such allegations fail to set forth a claim for a violation of a constitutional right. See Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]; Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983].

---

[1] The named Defendant is the South Carolina Department of Corrections. Plaintiff lists various individuals in the narrative of his Complaint who allegedly committed the negligent acts of which he complains, but does not list them separately as Defendants. Even if he had, as these individuals are all (apparently) employees of the SCDC, there is no indication that any individual named by the Plaintiff is not a South Carolina resident.



4

Additionally, SCDC is subject to summary dismissal as it is entitled to Eleventh Amendment immunity from monetary damages.[2] The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in

---

[2]As noted above, Plaintiff requested relief is for monetary damages. See ECF No. 1 at 8.

5

§ 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Alternatively, this action should be dismissed pursuant to Rule 41 for Plaintiff's failure to comply with an order of this Court and for his failure to prosecute this action. When Plaintiff filed his action, he failed to provide all items necessary to bring the case into proper form for service. Therefore, Plaintiff was given twenty-one days to bring his Complaint into proper form by paying the filing fee or, if he believed he was indigent, completing an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240); completing a summons form for every Defendant named in the matter; complete a Form USM-285 for each Defendant; and to complete and sign a Complaint form. Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, the file would be forwarded to a United States District Judge to determine whether dismissal of the case was appropriate. See In re: Procedures and Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA.

However, notwithstanding the specific notice and instructions as set forth in the proper form order, Plaintiff failed to complete his proper form process, or contact the Court in any way. Defendant has not been served. Therefore, this action is also subject to dismissal, without prejudice, for the failure of Plaintiff to comply with this Court's order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler

6

Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint at this time without prejudice and without issuance and service of process. It is also recommended that Plaintiff's motion to proceed in forma pauperis (ECF No. 3)[3] be denied as moot.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 13, 2015
Charleston, South Carolina

---

[3] Plaintiff filed copies of documents filed in state court, which were docketed as a motion to proceed in forma pauperis. However, Plaintiff failed to complete a Form AO 240 as directed in the proper form order. See ECF No. 9; see also In re: Procedures and Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).